UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, et al.,<br><br>Plaintiffs,<br><br>            - against –<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,<br><br>Defendants.<br>CHRISTINA BIFULCO, et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,<br><br>Defendants. | **CONSOLIDATED AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**<br><br>18 Civ. 1781 (PGG)<br>18 Civ. 7692 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

    After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1.     All parties **do not** consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2.     This case **is** to be tried to a jury.

3.     No additional parties may be joined except with leave of the Court

4.     A party may not amend its pleadings except with leave of the Court.

5.     The parties must complete <u>fact</u> discovery no later than **June 1, 2020**.

6.     If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 5. Under this Order's interim deadlines, the parties must:

    a.     Serve requests to admit no later than **June 8, 2020.**

      b.      Complete depositions of fact witnesses by **June 1, 2020.**

            i.      Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

            ii.     There is no priority in deposition by reason of a party's status as plaintiff or defendant.

            iii.    There is no priority in deposition by reason of the deponent's status as a party or non-party.

            iv.    Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

7. No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

8. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by **July 10, 2020**. Opposition letters are due **July 24, 2020**.

9. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

10. Counsel for the parties have conferred and their present best estimate of the length of trial is: **20 days**.

11. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come <u>before</u> the Court notifies counsel of an <u>actual trial date</u>, <u>not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

12. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to

        the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

13.     The parties should raise any issues concerning expert discovery or class certification—including timing of Rule 23 motion practice—in letters filed with the Court no later than **June 15, 2020**.

14.     The next pretrial conference is scheduled for **June 25, 2020 at 12:30 p.m.**

        This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.