# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) 18 Civ. 1781 (PGG) |
| NATIONAL COLLEGIATE STUDENT | ) consolidated with |
| LOAN TRUST 2007-2, *et al.*, | ) 18 Civ. 7692 (PGG) |
| | ) |
| Defendants. | ) |

## TRANSWORLD SYSTEMS INC.'S REPLY IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF APRIL 23 ORDER

NOW COMES Transworld Systems Inc. ("TSI"), through undersigned counsel, and files its Reply in Support of its Motion to Stay Enforcement of this Court's Order entered on April 23, 2021 (the "Order") (Dkt. 280).

In response to TSI's motion to stay enforcement of the Order pending the District Court's consideration of TSI's objection, plaintiffs make two arguments in opposition: (a) that granting a stay would undermine this Court's authority to regulate discovery in this case, and (b) that TSI has supposedly not identified any "extraordinary prejudice".

Initially, as noted in TSI's opposition brief (Dkt. 274), and in its objection (Dkt. 292), TSI respectfully does not believe that it has violated any scheduling order, pretrial order, or order of this Court so that this Court's authority to regulate discovery would not be undermined if the stay is entered.

Second, staying enforcement of the Order will not undermine this Court's management of discovery because discovery is essentially completed. As noted in TSI's motion, upon completion of the deposition of Affiant X on May 19, 2021 discovery in this case is over, and, per this Court's Order closes May 21, 2021 (Dkt. 297). Discovery has included nearly 20 depositions, extensive written and third-party discovery, and also included voluminous sampling of the purported class, the vast majority of which was completed without any judicial involvement despite plaintiffs scorched earth tactics in this case.

Plaintiffs argue that a stay is inappropriate, and, to that end, rely upon *Auscape Int'l v. Nat'l Geographic Soc.*, No. 02 CIV. 6441 (LAK), 2003 WL 22508509 (S.D.N.Y. Nov. 5, 2003) and *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 CIV. 6198 LAK, 2009 WL 2169762 (S.D.N.Y. July 21, 2009). That reliance is misplaced.

In *Auscape*, the plaintiff requested the court stay the enforcement of an order until the conclusion of the case. The court denied the request because, under the circumstances of that case, there was no other effective sanction before the case was finally resolved. In *Rahman*, similarly, the plaintiff sought to stay enforcement of an order until the conclusion of the case. The court there cited *Auscape* in noting that enforcement of the order was to make clear "scorched earth tactics must end now." *Rahman*, 2009 WL 2169762, at *3.

Here, neither concern is present. TSI has simply requested the stay be subject to the District Court's review of its objection. But unlike *Auscape* and

*Rahman*, the effectiveness of this Court's sanction order is not implicated by a stay, and there is no further need to manage discovery because discovery in this case is over.

While TSI understands that this case has been contentious, the history of the discovery disputes lays bare the fact that TSI has, within its rights, sought to tailor discovery that it considered to be overbroad and sought to provide accommodations for a now former employee that has been experiencing extreme medical distress. Unlike *Auscape* or *Rahman*, there is no corresponding need in this case to send a message regarding discovery conduct where the parties have completed protracted discovery largely without this Court's involvement.

Finally, the standard for granting a stay is not "extraordinary prejudice" as plaintiffs suggest. A four-factor test is typically applied to determine whether stays should be issued pending appeal of a decision. *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14CIV2590VMRWL, 2018 WL 3830921, at *1 (S.D.N.Y. Aug. 13, 2018). The factors are "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*

Here, as to the first factor, TSI respectfully posits that it has made a strong showing that it is likely to succeed on the merits as detailed extensively in its opposition brief (Dkt. 274), and in its objection (Dkt. 292), incorporated herein by

reference. TSI maintains that it has not violated any scheduling order, pretrial order, or court order, and that any delay in taking the deposition of Affiant X is attributed solely to plaintiffs' inaction and ultimately forcing Affiant X to file a renewed motion where they immediately agreed to the relief sought despite being aware prior to the filing of the second motion of the basis for that motion.

As to the second factor, TSI will indisputably be irreparably harmed by a monetary or non-monetary sanction. While the Order could ultimately be vacated should the objection be sustained, it is impractical and inefficient for this Court to engage in collateral litigation of enforcement of the Order where TSI's objection is pending. Further, especially in this case where plaintiffs' counsel has been engaged on a contingency basis, and the FDCPA and GBL are fee shifting statutes, there is no urgency to litigate a fee petition now. Beyond that, any non-monetary sanction would be extraordinarily prejudicial not only to TSI but potentially to the other defendants, where plaintiffs are seeking what amounts to terminating sanctions.

As to the third factor, the issuance of a stay will not substantially injure the other parties interested in the proceeding. As noted, allowing the enforcement of the Order will be prejudicial not only to TSI but also potentially to the other defendants. Further, plaintiffs have not noted how a stay would possibly prejudice them. They do not indicate that they need the discovery for their class certification motion, which is now due by their unopposed requested extension on

June 3, and, again, they have been retained on a contingency basis, so the award of monetary damages is simply surplusage to them.

Finally, the public has little interest in this discovery dispute. Whether or not TSI has to pay fees in this case has no impact on the public, and to the extent there is any recovery to the putative class, or not, will be resolved in the class certification motion.

As such, TSI respectfully states that the factors all weigh in favor of granting the stay of enforcement of the Order pending consideration by the District Court.

WHEREFORE, Transworld Systems Inc., respectfully requests that this Court stay enforcement of the Order until the District Court resolves TSI's pending objection to the Order, and for all other and further relief that this Court deems just and appropriate.

Respectfully submitted,

*/s/ James K. Schultz*
James K. Schultz
Sessions, Israel & Shartle, LLC
1545 Hotel Circle South, Suite 150
San Diego, California 92108
Telephone: (619) 296-2018
Email: jschultz@sessions.legal

Bryan Shartle
Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002
Telephone: (504) 846-7917
E-mail: bshartle@sessions.legal

Morgan I. Marcus
Sessions, Israel & Shartle, LLC
141 W. Jackson Blvd., Ste. 3550
Chicago, Illinois 60604
Telephone:   (312) 578-0990
E-mail:      mmarcus@sessions.legal

Aaron R. Easley
Sessions, Israel & Shartle, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Telephone:   (908) 237-1660
E-mail:      aeasley@sessions.legal

*Attorneys for Transworld Systems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021 a true and correct copy of the foregoing was served upon counsel of record via ECF.

/s/ James K. Schultz