

Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone: 212-812-8325
Direct Fax: 212-812-8385
gcasamento@lockelord.com

August 12, 2021

**VIA ECF**

Honorable Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Michelo et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, 18-cv-1781 (PGG)
      *Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2006-4 et al.*, 18-cv-7692 (PGG)

Dear Judge Moses:

We represent Defendants National Collegiate Student Loan Trusts 2004-2, 2006-4, 2007-2, and 2007-3 (the "Trusts") in the above-referenced consolidated actions and write on behalf of all Defendants to request permission to file under seal portions of Defendants' opposition to Plaintiff's Motion for Class Certification. Counsel for Plaintiffs consent to this request.

The Protective Order entered in this matter permits the parties to designate documents and depositions as confidential if they contain, *inter alia*, previously non-disclosed financial information; non-public internal policies; and personal identifying information, including personal financial information. Case No. 18-cv-1871, ECF 92, ¶¶ 2(a)-2(e). The parties have relied on this provision in designating confidential certain documents produced in discovery. Defendants will be submitting declarations to support their memorandum which attach as exhibits documents and deposition testimony that have been designated as confidential by the parties. Accordingly, Defendants request permission to file these exhibits under seal.

Defendants believe that sealing these documents "is essential to preserve higher values" and that the request "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Specifically, Defendants have an interest in preserving the confidentiality of their non-public financial information, as well as their internal business policies and procedures. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015) (permitting redaction of information concerning defendants' customers and their

Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles | Miami
Morristown | New Orleans | New York | Providence | Sacramento | San Francisco | Stamford | Washington DC | West Palm Beach

95550734v.3

Hon. Barbara Moses, U.S.M.J.
August 12, 2021
Page 2

trading strategies, objectives, and transactions). And, it is well-established that there is an interest in protecting non-public personal identifying information, such as financial information. Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden.").

Defendants will contemporaneously file versions of the relevant declarations for the public record that include slip sheets in place of the confidential documents filed under seal.

Thank you for your consideration of this request.

> Respectfully,
>
> LOCKE LORD LLP
>
> */s/ Gregory T. Casamento*
>
> Gregory T. Casamento

CC:   All parties entitled to notice (via ECF)