## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, AND SANDRA TABAR, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>  Defendants. | No. 18-cv-01781-PGG |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>  Defendants. | No. 18-cv-07692-PGG |

## DECLARATION IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, Ralph Lyons, declare under the laws of the State of Delaware and the United States of America under penalty of perjury:

1. I am over the age of 18 and have personal knowledge of each of the matters set forth in this Declaration, and if called as a witness, would testify competently to them.

2. I am a Senior Vice President for Transworld Systems Inc. ("TSI") and have been an employee of TSI since November 2014. In my role as Senior Vice President, I share responsibility for and am personally familiar with TSI's contractual relationships with its clients, and I have reviewed the foregoing, including the documents described below, in preparation of giving this declaration. I am also knowledgeable and personally familiar with TSI's present business structure and its corporate history and predecessor companies, including TSI's acquisition of certain assets of NCO Financial Systems, Inc.

3. I am duly authorized to make the representations contained in this Declaration for and on behalf of TSI.

4. TSI is Special Subservicer and record keeper for loans subject to TSI's administration for National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-2, and National Collegiate Student Loan Trust 2007-3 (collectively the "Trusts"), with respect to loans owned by those entities.

5. The Trusts entered into a Special Serving Agreement ("SSA"), dated March 1, 2009, with First Marblehead Education Resources, Inc. ("FMER") to act as Special Servicer.

6. Pursuant to the SSA, the Trusts appointed U.S. Bank, National Association

("U.S. Bank"), as the Back-Up Special Servicer, who would act as Successor Special Servicer in the event FMER resigned or was removed. Simultaneously, FMER together with U.S. Bank, in their respective capacities, retained TSI's predecessor, NCO, as Special Subservicer if FMER were to resign or be removed and U.S. Bank become Successor Special Servicer.

7. Specifically, pursuant to a Default Prevention and Collection Services Agreement (hereinafter "Default Servicing Agreement"), entered into between FMER, as initial Special Servicer, and TSI's predecessor, NCO, as amended, TSI was contracted to act as Subservicer to U.S. Bank, as Successor Special Servicer.

8. A true and complete copy (save redactions to protect the unnecessary public disclosure of confidential information) of the Default Servicing Agreement, including amendments, is attached hereto *in globo* as **Exhibit 2-A**.

9. TSI's predecessor, NCO, assumed its role as Special Subservicer in November 2012.

10. Later, in November 2014, TSI assumed control over certain NCO business units including to manage delinquent and defaulted Trust loans and thus began managing delinquent and defaulted loan servicing for the Trusts under the Default Servicing Agreement.

11. I have personally reviewed the Default Servicing Agreement, as amended, for the purpose of giving this declaration. It provides, in relevant part:

> Default Servicing Agreement, Article II, § 2.4
>
> Litigation Management. As part of the Default Collection Services, NCO shall administer collection litigation as described in this section and in Exhibit D attached hereto. Special Servicer may also from time to time designate loans as to which assessment and recovery of collection costs from the borrower in an extrajudicial context are allowed by applicable law,

by way of contract or otherwise. NCO will use all reasonable and lawful efforts to collect such collection costs as directed by Special Servicer.

NCO may, with Special Servicer's prior written approval,[1] forward accounts for litigation to an attorney licensed to practice law in the applicable jurisdiction and acceptable to Special Servicer. NCO will handle all routine communication with the attorney on Special Servicer's behalf and will be responsible for monitoring the attorney's performance in litigating the case, collecting on the accounts pre-judgment and collecting on any judgment or settlement.

> Default Servicing Agreement, Article II, § 2.4(c)

NCO will provide evidentiary support for collection attorneys, including basic factual orientation, copies of documents, records of account balances, affidavits and testimony, as reasonably required. Special Servicer will instruct Servicers to provide original documents to NCO upon request from NCO. For this purpose, Special Servicer on behalf of the Trusts hereby appoints NCO as keeper of the applicable Trust's records of all [education-purpose loans] that are the subject of NCO administration.

> Default Servicing Agreement – 3rd Amendment, Article II, § 2.3

<u>Default Collection Services</u>. [U.S. Bank] shall cause the Servicers to provide to NCO all documents and information specified in the Servicing Agreements and/or Servicing Guidelines.

> Default Servicing Agreement – 3rd Amendment, Article II, § 2.4(h)

Notwithstanding anything herein to the contrary, effective as of the date of the Third Amendment, NCO shall administer, manage and oversee collection litigation consistent with the terms of this Agreement [ ] and, except as contemplated in the Operating Guidelines, no further approval, consent or direction of the Special Servicer shall be required with respect to management of litigation relating to [education-purpose loans].

> Default Servicing Agreement – 3rd Amendment, Article II, § 2.4(i)

The Special Servicer shall execute and deliver to NCO one or more powers of attorney appointing NCO as the attorney-in-fact and a custodian of records for the Special Servicer for the purpose of executing on behalf of the Special Servicer such affidavits, documents and instruments as may be required to be delivered in connection with the performance of the Services.

---

[1] This "prior written approval" requirement was subsequently nullified. *See* Default Servicing Agreement – 3rd Amendment, Article II, § 2.4(h), *infra*.

12. Since November 2012, NCO and later TSI, has acted continuously and without interruption as Special Subservicer on behalf of the Trusts and a Custodian of Records for loans subject to their administration pursuant to the Default Servicing Agreement, as amended.

13. All of the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 11th day of August, 2021.

_____
RALPH LYONS