**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, AND SANDRA TABAR, individually and on behalf of all others similarly situated, | No. 18-cv-01781-PGG |
|      Plaintiffs, | |
| v. | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, | |
|     Defendants. | |
| ----------------------------------------------------------------- | |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated, | No. 18-cv-07692-PGG |
|     Plaintiffs, | |
| v. | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, | |
|     Defendants. | |

## DECLARATION IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, James Schultz, declare under the laws of the State of California and the United States of America under penalty of perjury:

1.      I am over the age of 18 and have personal knowledge of each of the matters set forth in this Declaration and, if called as a witness, would testify competently to them.

2.      Katherine Seaman attended CUNY – Queensborough Community College from Fall 2006 to Spring 2008. *See* a true and correct copy of Seaman's school records produced pursuant to a subpoena to CUNY – Queensborough Community College attached as **Exhibit 3-A**; *see* attached as **Exhibit 3-B** a true and correct copy of redacted excerpts of the Katherine Seaman deposition transcript; *see* attached as **Exhibit 3-C** a true and correct copy of redacted excerpts of the Mary Re Seaman deposition transcript.

3.      On May 28, 2010, Mary Re Seaman filed a Chapter 7 bankruptcy as case number 1-10-45057-jf in the Bankruptcy Court for the Eastern District of New York. *See* a true and correct copy of Seaman's Bankruptcy Petition attached hereto as **Exhibit 3-D.** On Schedule F of her petition, she listed a debt owed to "AES/NCT", identified the debt as a "student loan", and did not identify the debt as disputed. *Id.* at p. 20.   She subsequently received a discharge, and her case has never been reopened and her schedules have never been amended.

4.      Philip J. Bifulco attended Canisius College from Fall 2003 to Fall 2004. *See* a true and correct copy of Bifulco's school records produced pursuant to a subpoena to Canisius College attached as **Exhibit 3-E**; *see* attached as **Exhibit 3-F** a true and correct copy of redacted excerpts of the Philip Bifulco deposition transcript; *see* attached

as **Exhibit 3-G** a true and correct copy of redacted excerpts of the Catherine Bifulco deposition transcript.

5.      On June 30, 2011, Christina Bifulco filed a Chapter 7 bankruptcy case as case no. 1-11-12329-MJK in the Bankruptcy Court for the Western District of New York. *See* a true and correct copy of Bifulco's Bankruptcy Petition attached hereto as **Exhibit 3-H.**   On Schedule F of her bankruptcy petition Bifulco listed a debt owed to "National Collegiate Trust", identified the debt as a "student loan (co-signe[d] for son)", and did not identify the debt as disputed. *Id.* at p. 18.  She subsequently received a discharge, and her case has never been reopened and her schedules have never been amended. *Id.*

6.      Butry attended Niagara University from Fall 2003 to Fall 2004.  *See* a true and correct copy of Butry's school records produced pursuant to a subpoena Niagara University attached as **Exhibit 3-I;** *see* attached as **Exhibit 3-J** a true and correct copy of redacted excerpts of the Butry deposition transcript.

7.      Frauenhofer attended Niagara University from Spring 2003 to Fall 2009 – initially as an undergraduate student and then as a graduate student. *See* a true and correct copy of Frauenhofer's school records produced pursuant to a subpoena Niagara University attached as **Exhibit 3-K;** *see* attached as **Exhibit 3-L** a true and correct copy of redacted excerpts of the Frauenhofer deposition transcript.

8.      Villasante attended Cazenovia College from Spring 2007 to Spring 2009. *See* a true and correct copy of Villasante's school records produced pursuant to a subpoena Cazenovia College attached as **Exhibit 3-M;** *see* attached as **Exhibit 3-N** a true and correct copy of redacted excerpts of the Villasante deposition transcript; *see* attached as **Exhibit 3-O** a true and correct copy of redacted excerpts of the Tabar deposition

3

transcript; *see* attached as **Exhibit 3-P** a true and correct copy of Tabar and Villasante's bank records produced pursuant to a subpoena to TD Bank.

9.      Villasante submitted an affidavit in support of vacating the judgments indicating that the address where service was made in 2014 was her grandmother's address and that Tabar was living at the address at that time, but the individual served with the documents allegedly had no relation to Tabar or Villasante. *See* a true and correct copy of the affidavit attached as **Exhibit 3-Q.**   The affidavit further reflects that Tabar was solicited by Frank LLP directly in January 2018, and that Tabar and Villasante directly discussed the default judgments in March 2018. *Id.*

10.     A true and correct copy of redacted excerpts of the Watts' deposition transcript attached as **Exhibit 3-R.**

11.     A true and correct copy of redacted excerpts of the Joel Liederman deposition transcript is attached hereto as **Exhibit 3-S.**

12.     A true and correct copy of redacted excerpts of the deposition of Bradley Luke, as corporate representative for Transworld Systems Inc. is attached hereto as **Exhibit 3-T.**

13.     A true and correct copy of redacted excerpts of the deposition of James Cummins is attached hereto as **Exhibit 3-U.**

14.     A true and correct copy of redacted excerpts of the deposition of Jonathan Boyd is attached hereto as **Exhibit 3-V.**

15.     A true and correct copy of redacted excerpts of the deposition of Chandra Alphabet is attached hereto as **Exhibit 3-W.**

16.     A true and correct copy of redacted excerpts of the deposition of Affiant X

is attached hereto as **Exhibit 3-X.**

17.     A true and correct copy of the state court litigation documents produced by F&G during class-sampling discovery for sample loan file 29, bates number FG_SLF-29_000001-4, is attached hereto as **Exhibit 3-Y.**

18.     A true and correct copy of the state court litigation documents produced by F&G during class-sampling discovery for sample loan file 53, bates number FG_SLF-53_000001-5, is attached hereto as **Exhibit 3-Z.**

19.     A true and correct copy of the state court litigation documents produced by F&G during class-sampling discovery for sample loan file 63, bates number FG_SLF-63_000001-8, is attached hereto as **Exhibit 3-AA.**

20.     A true and correct copy of the state court litigation documents produced by F&G during class-sampling discovery for sample loan file 76, bates number FG_SLF-76_000001-9, is attached hereto as **Exhibit 3-BB.**

21.     A true and correct copy of the answer and minutes of decision of bench trial produced by F&G during class-sampling discovery for sample loan file 24, bates number FG_SLF-24_000004-6 and FG_SLF-24_000426-427, are attached hereto as **Exhibit 3-CC.**

22.     A true and correct copy of the summons and complaint produced by TSI during class-sampling discovery for sample loan file 1, bates number TSI_SLF-1_0000013-20, is attached hereto as **Exhibit 3-DD.**

All of the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 10th day of August, 2021.

_____
JAMES K. SCHULTZ