IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, AND SANDRA TABAR, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

    Defendants.

No. 18-cv-01781-PGG

------------------------------------------------------------------------

CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

    Defendants.

No. 18-cv-07692-PGG

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>**

Defendants respectfully submit this sur-reply in opposition to Plaintiffs' Motion for Class Certification to address new legal arguments and clarify certain factual misstatements made in Plaintiffs' Reply brief.

**I.      Any Putative Class Pursuing GBL Claims Must Be Limited to New York.**

Plaintiffs argue for the first time in their reply that the Court should certify a nationwide class to pursue claims under New York General Business Law § 349 ("GBL") because the Trust Defendants were created in and had loans assigned to them in New York. Plaintiffs' argument has no basis in law or their allegations in this case.

Plaintiffs' GBL claims are based solely on alleged misrepresentations made during the state-court collection actions filed against them—not conduct associated with the securitization or assignment of their loans to the Trust Defendants. Thus, in seeking a nationwide class, Plaintiffs are asking this Court to conclude that *non*-New York residents, based on allegedly false filings in courts occurring *outside* of New York, would have standing to pursue GBL claims merely because their loans were assigned to the Trust Defendants in New York in unrelated transactions. This conclusion is not supported by the applicable precedent.

In the leading case on the reach of the GBL, the Court of Appeals of New York explained in no uncertain terms that "the deception of a consumer must occur in New York" to implicate the GBL. *Goshen v. Mutual Life Ins. Co. of N. Y.*, 98 N.Y.2d 314, 324-25 (2002). The Southern District of New York has similarly held that "New York law is clear that G.B.L. § 349 does not apply to out-of-state plaintiffs who were allegedly deceived outside of New York." *Chiste v. Hotels*, 756 F. Supp. 2d 382, 402 (S.D.N.Y. 2010). The Second Circuit has even weighed in, limiting standing to bring a GBL claim to instances where the "alleged deceptive transactions" "occurred in New York and implicate the interests of New York." *Cruz v. FXDirectDealer, LLC*,

1

720 F.3d 115, 122-24 (2d Cir. 2013).  Each of these decisions runs directly contrary to Plaintiffs' request for certification of a class that could pursue claims based on alleged misrepresentations in court filings in collection actions outside of New York.

The lone decision Plaintiffs cite in their reply is easily distinguishable.  *See* Reply, ECF 335 at 13 (citing *Polk v. Del Gatto, Inc.*, 2021 WL 3146291, *10-11 (S.D.N.Y. July 23, 2021)).  *Polk* involved a dispute between a consumer and an online jewelry store with its principal place of business in New York regarding the sale of a ring.  *Polk*, 2021 WL 3146291 at *2.  In determining the "location" of the online transaction for purposes of applying the *Goshen* rule that the deceptive transaction must have taken place in New York, the Court considered Del Gatto's primary place of business and Del Gatto's inclusion of a New York choice of law provision in the contract governing the sale.  *Id*. at *10.  But this case does not involve an online purchase or sale.  Plaintiffs, in stark contrast, assert that the allegedly deceptive conduct occurred in the course of collection actions, through the filing of inaccurate affidavits and other papers.  Where the collection actions were filed outside of New York, the allegedly deceptive transaction or conduct underlying the GBL claim *necessarily* did not take place in New York, but in the location of the collection action.  Thus, there can be no reasonable dispute that the allegedly deceptive conduct at the heart of claims based on non-New York collection actions would be outside the scope of the GBL, and any class certified, although none should be, to pursue a GBL claim must be limited to New York.

II.     **Plaintiffs Mischaracterize the Parties and Nature of the Delaware Action.**

Plaintiffs repeatedly claim that the "Trust's owners-in-interest" or the "Trusts' owners" have "admit[ted]" certain facts in an unrelated Delaware Chancery Court action (*In re Nat'l Collegiate Student Loan Trusts Litig.*, Consolidated Case No. No. 12111-VCS (referred to herein as the "Delaware Action")).  *See*, *e.g.*, Reply, ECF 335, at 3-4.  Based on these purported

2

admissions by the "owners," Plaintiffs even go so far as to argue that the Trust Defendants "are estopped from now arguing" that Defendants had and have the schedules to Plaintiffs' loans that demonstrate ownership of Plaintiffs' debts. *Id*. Plaintiffs are incorrect on both fronts.

The Delaware Action was effectively a derivative action, brought by entities that claim to be the Trusts' owners who are investors that were holders of certificates of equity ownership interests in the Trust Defendants, purportedly on the Trusts' behalf. In other words, the Action was brought by investors, not the Trust Defendants themselves. However, as the Delaware Chancery Court found, "the Owner Trustee [Wilmington Trust Company ("WTC")] is the only entity authorized to act directly on behalf of the Trusts." *See*, *e.g.*, *In re Nat'l Collegiate Student Loan Trusts Litig.*, 251 A.3d 116, 169 (Del. Ch. 2020) (granting in part and denying in part cross-motions for declaratory judgment, noting that "nothing in the Trust Agreement empowers the Owners to unilaterally supplant the Owner Trustee's role in managing the Trusts"); *see also Consumer Fin. Protection Bureau v. The National Collegiate Master Student Trust et al.*, 2020 WL 2915759 (D. Del. May 31, 2020) (granting intervenor Owner Trustee's motion, and rejecting CFPB's motion to approve a Proposed Consent Judgment because the law firm that signed it— purporting to act on behalf of the Trust Defendants at the direction of the owners—was not authorized by WTC as Owner Trustee to agree to or execute the Proposed Consent Judgment). All defendants in the Delaware Action moved to dismiss for lack of standing because the Owner Trustee did not authorize the lawsuit. *See* Administrator Br. in Supp. of its Mot. to Dismiss, No. 2018-0167-JRS, 2018 WL 3601375 (Del. Ch. Ct. July 20, 2018); U.S. Bank Nat'l Ass'n. Br. in Supp. of Mot. to Dismiss, No. 2018-0167-JRS, 2018 WL 3601376 (Del. Ch. Ct. July 20, 2018). There is no question that WTC did not authorize the Delaware Action.[1] *See* Declaration of Dorri

---

[1] In arguing that the allegations in the Delaware Action should be deemed admissions, Plaintiffs cannot prove the authority of the investor plaintiffs by pointing to their own self-serving statement that they are

3

Costello, attached hereto as Exhibit 1, at ¶ 4.  Accordingly, as Plaintiffs are well aware, the allegations made by the investor plaintiffs in the Delaware Action cannot bind the Trust Defendants in this action.[2]

Plaintiffs cite only one case to support their contention that the Trust Defendants should be estopped from contesting Plaintiffs' version of the facts here based on the allegations made by the investors in the Delaware Action.  *See* Reply, ECF 335, at 4 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).  That decision is easily distinguishable because the identity of the parties in the two actions at issue was never in question.  *See New Hampshire*, 532 U.S. at 750-51 (identifying the elements of judicial estoppel generally while assuming identity of the parties).  The decision also does not support Plaintiffs' position when read carefully, as it explains that the "purpose" of the doctrine of judicial estoppel is to "prohibit[] parties from deliberately changing positions according to the exigencies of the moment." *Id*. (internal citations omitted).  It is clear from the record in the Delaware Action that this is not happening here.  The Trust Defendants are not taking one position in the Delaware Action and another position in this case; the allegations Plaintiffs cite from the Delaware Action were not made by the Trust Defendants, but by investors

---

properly authorized.  Thus, even if it were not crystal clear from the Delaware Action defendants' motions to dismiss, the Delaware court's orders, and the Owner Trustee's Declaration attached hereto that the Delaware Action was not properly authorized, Plaintiffs fail to meet their burden of proof to establish any admissions by the Trust Defendants.

[2] To the extent Plaintiffs argue by implication that the allegations made by the investor plaintiffs in the Delaware Action constitute judicial admissions by the Trust Defendants in this action, the argument should be rejected.  The case law is well established that judicial admissions are formal expressions, by affirmative stipulation, made by a party in the same lawsuit in which they are to be used in order to facilitate the resolution of remaining disputes and promote judicial economy.  *See*, *e.g, Banks v. Yokemick*, 214 F. Supp. 2d 401, 406 (S.D.N.Y. 2002) (finding that defendant's denial of allegation in answer to complaint was not a sufficiently formal concession of a particular fact to constitute a judicial admission).  Here, there has been no formal stipulation by the Trust Defendants accepting Plaintiffs' factual allegations – instead, the Trust Defendants have routinely resisted them.  And, the investors' allegations in the Delaware Action cannot constitute judicial admissions in this action because they were made in a different lawsuit by an entirely different party.

4

purporting to act on the Trusts' behalf without authorization to do so. Nothing about this is news to Plaintiffs.

**III.     Plaintiffs' Depiction of Certain Facts Requires Clarification.**

The Declaration of Asher Hawkins filed in support of Plaintiffs' Motion for Class Certification contains certain statements that Defendants must correct or clarify.

*First*, the Hawkins Declaration states that there is a discrepancy in one digit of Plaintiff Tabar's social security number between a spreadsheet listing loans assigned to National Collegiate Student Loan Trust 2007-2 that was produced in discovery, and an exhibit to the Declaration of Bradley Luke in support of Defendants' opposition to Plaintiffs' motion for class certification. *See* Hawkins Decl., ECF 336, at ¶ 33. There is no discrepancy; a redaction error led to the transposition of one digit in the spreadsheet produced in discovery. *See* Declaration of Gregory T. Casamento, attached hereto as Exhibit 2, at ¶¶ 3-6; Declaration of James K. Schultz, attached hereto as Exhibit 3, at ¶¶ 3-7. The redaction error was previously identified, and Defendants reproduced the spreadsheet without the redaction error on February 8, 2021. Declaration of Gregory T. Casamento at ¶¶ 7-11; Declaration of James K. Schultz at ¶¶ 8-10. Thus, Plaintiffs were well aware by the time Mr. Hawkins filed his Declaration on September 13, 2021 that the spreadsheet accurately identifies Plaintiff Tabar's social security number.

*Second*, the Hawkins Declaration states that Defendants contend Plaintiff Tabar's loan was assigned to National Collegiate Student Loan Trust 2007-2 months before she took out the loan. *See* Hawkins Decl., ECF 336, at ¶ 34. Mr. Hawkins cites to a records custodian declaration from Jens Meyer of Cognition Financial, which contained the line "National Collegiate Student Loan Trust 2007-2 (November 30, 2006)." *Id*. The date in the parenthesis in the declaration – November 30, 2006 – was a typo. *See* Second Declaration of Jens Meyer, attached hereto as Exhibit 4, at ¶

5. The correct date is May 31, 2007. *Id*.; *see also* Corrected Declaration of Jens Meyer, attached hereto as <u>Exhibit 5</u>, at ¶ 5. This is not news to Plaintiffs, because the spreadsheet produced with the records custodian declaration, which contained the data for loans owned by National Collegiate Student Loan Trust 2007-2, indicated the correct date of May 31, 2007. *Id*. Nonetheless, Defendants have now corrected the typo and provided Plaintiffs with a corrected records custodian declaration.

## CONCLUSION

For the reasons set forth above and in Defendants' Opposition brief, Defendants respectfully request that the Court deny Plaintiffs' Motion for Class Certification in its entirety.

Dated: New York, New York
      October 13, 2021

By: */s/ Gregory T. Casamento*
    Gregory T. Casamento
    R. James DeRose, III
    LOCKE LORD LLP
    Brookfield Place, 20th Floor
    200 Vesey Street
    New York, New York 10281
    (212) 415-8600
    gcasamento@lockelord.com
    rderose@lockelord.com

    J. Matthew Goodin
    LOCKE LORD LLP
    111 South Wacker Drive, Suite 4100
    Chicago, Illinois 60606
    (312) 443-0700
    jmgoodin@lockelord.com

*Attorneys for Defendants National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-2, and National Collegiate Student Loan Trust 2007-3*

By: */s/ James K. Schultz*
    James K. Schultz
    SESSIONS, ISRAEL & SHARTLE LLC
    1545 Hotel Circle South, Suite 150

6

        San Diego, California 92108
        (619) 296-2018
        jschultz@sessions.legal

        Bryan Shartle
        SESSIONS, ISRAEL & SHARTLE LLC
        3850 N. Causeway Blvd., Ste. 200
        Metairie, Louisiana 70002
        (504) 846-7917
        bshartle@sessions.legal

        Morgan Ian Marcus
        SESSIONS, ISRAEL & SHARTLE LLC
        120 South LaSalle Street, Suite 1960
        Chicago, Illinois 60603
        (312) 578-0990
        mmarcus@sessions.legal

*Attorneys for Defendants Transworld Systems, Inc. and EGS Financial Care, Inc.*


By: */s/ Carol A. Lastorino*
        Carol A. Lastorino
        Amanda Rae Griner
        RIVKIN RADLER LLP
        926 Rexcorp Plaza
        Uniondale, New York 11556
        (516) 357-3101
        carol.lastorino@rivkin.com
        Amanda.gruman@rivkin.com

*Attorneys for Defendant Forster & Garbus LLP*