# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, AND SANDRA TABAR, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>    Defendants. | No. 18-cv-01781-PGG |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>    Defendants. | No. 18-cv-07692-PGG |

**DECLARATION OF JAMES K. SCHULTZ IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
<u>MOTION FOR CLASS CERTIFICATION</u>**

I, James K. Schultz, declare under the laws of the State of California and the United States of America under penalty of perjury:

1. I am an attorney licensed to practice law in the State of California and am admitted in this case *pro hac vice*.

1. I am a partner of the law firm of Sessions, Israel & Shartle, attorneys for defendants Transworld Systems Inc. and EGS Financial Care, Inc. in these consolidated actions and, as such, am fully familiar with the facts set forth herein.

2. I make this Declaration in response to the Declaration of Asher Hawkins in further support of Plaintiffs' Motion for Class Certification, filed on September 13, 2021 (the "Hawkins Declaration").

3. On January 29, 2021, I had a telephone conversation with Gregory Frank, one of the attorneys for plaintiffs in these consolidated actions. During that conversation, Mr. Frank advised me that plaintiffs had discovered a discrepancy in the document production that had been made separately by the Trust Defendants and Transworld Systems Inc. (TSI).

4. Mr. Frank advised specifically that there was a discrepancy in the social security number for the primary borrower on the loan that had plaintiff Tabar serve as a co-borrower. That discrepancy occurred between a pdf version of an excerpt of the roster of loans that had been sold to one of the Trust Defendants, called a Schedule 2, compared to the excel spreadsheet of the same Schedule 2.

5. On the pdf versions of the Schedule 2 that were produced separately by the

Trusts and TSI, the borrower's social security number ended in 24**6**6.

6. The borrower's social security number on the excel spreadsheet ended in 24**4**6.

7. After this conversation with Mr. Frank, I contacted counsel for the Trust Defendants about the discrepancy Mr. Frank had identified. I learned that the discrepancy was due to an error in applying redactions to the excel spreadsheet.

8. On or about February 3, 2021, I had a follow up conversation with Mr. Frank. During that call, I explained that the difference in the social security number was an error that occurred during the process of applying redactions to the excel spreadsheet. I also told him that it was my understanding that the Trust Defendants were willing to re-produce an updated and corrected version of the spreadsheet.

9. The Trust Defendants produced a corrected spreadsheet on February 8, 2021 that remedied the redaction error.

10. Mr. Frank did not contact me again, in any manner, regarding any concerns plaintiffs had with the replacement document or otherwise raise any concerns regarding the social security number for the Tabar account.

Executed this 30th day of September, 2021.

_____
James K. Schultz