

JAMES K. SCHULTZ
Direct: (619) 296-2018
jschultz@sessions.legal

February 4, 2022

Via ECF
Judge Barbara Moses
United States District Court Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

      Re:    *Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
              Case No.: 1:18-cv-01781-PGG
              *Bifulco, et al. v. National Collegiate Student Loan Trust 2006-4, et al.*
              Case No.: 1:18-cv-07692-PGG

Dear Judge Moses:

      We represent Transworld Systems Inc. ("TSI") and NCO Financial Systems, Inc. n/k/a EGS Financial Care, Inc. ("NCO") in this matter. We write pursuant to this Court's Order dated January 25, 2022 (Dkt. 352) requesting that the parties explain "whether and to what extent" certain categories of documents set forth in the Order remain in dispute. Plaintiffs filed a response that did not directly respond to the Order, and appears to seek to re-argue why the documents should be compelled.

      By Order dated July 17, 2020, this Court ruled in part that:

1.    TSI shall produce the documents described in category 1, modified as follows: "Documents concerning how TSI ~~selects Law Firms such as~~ selected Forster for inclusion in its nationwide 'Attorney Network' of local counsel to which Trust accounts are referred."

4.    TSI need not produce the documents described in category 4: "Documents reflecting instances in which TSI called back a Trust account that had been referred to a Law Firm, because TSI lacked proof of indebtedness."

5.    TSI need not produce the documents described in category 5: "Documents reflecting Law Firm requests to TSI for additional documents in connection with state-court consumer-defendants' demands for discovery against the Trusts."

      In response to this Court's Order, TSI states as follows:

1545 Hotel Circle South, Suite 150, San Diego, CA 92108-3426
Tel: (619) 296-2018    Fax: (877) 334-0661    www.sessions-law.com

CALIFORNIA • COLORADO • FLORIDA • GEORGIA • ILLINOIS • LOUISIANA • NEW JERSEY • NEW YORK • PENNSYLVANIA • TEXAS

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
Case No.: 1:18-cv-01781-PGG
*Bifulco, et al. v. National Collegiate Student Loan Trust 2006-4, et al.*
Case No.: 1:18-cv-07692-PGG
February 4, 2022 – Page 2

- For Category #1, TSI has provided plaintiffs with documentation as to how it selects law firms for inclusion in the Attorney Network, including the applicable versions of the Attorney Network Services Standard Operating Procedures. These procedures apply to all network firms, and detail the responsibilities and procedures applied to all network firms. TSI has also produced the Attorney Network Services Agreement with Forster & Garbus ("Forster") and all applicable amendments to that agreement. The Attorney Network Services Agreement is uniform for all law firms in the Attorney Network. As such, TSI believes it has satisfied is production obligations both as to Forster, as originally ordered, but more broadly to the extent plaintiffs are seeking documents as applied to all Attorney Network firms.

- For Category 4 and Category 5, TSI agrees with plaintiffs that these documents remain in dispute.

Specifically, TSI maintains its position that the documents in these Categories are protected from discovery by the attorney-client privilege. TSI respectfully submits that this Court considered the privilege arguments during the hearing on June 18, 2020:

THE COURT: Well, typically we only get to the in camera review stage in the privilege dispute if that dispute can't be resolved at a higher level of abstraction. By way of example, I recently in a completely unrelated case reviewed a number of examples or samples of documents that were withheld on privilege grounds because the question really was whether the nature of the communication, itself, showed that the client was seeking and the law firm was providing legal advice. Here it seems to me that the plaintiffs are making a categorical argument, so to speak, that might not require that level of review, your thoughts? I mean think you're taking the position that in this type of lawsuit if the law firm was acting as a debt collector, end of story, no privilege, is that your position?

MR. HAWKINS: Based on what they're describing, yes, there's no privilege here.

THE COURT: All right, response?

MR. SCHULTZ: Well, Your Honor, I think it's important to first keep in mind that many documents regarding the relationship between TSI and Forster & Garbus have already been produced. The documents that are being sought after now are directly related to decisions made in specific cases, specific litigation. And so we don't believe that an in camera review would be appropriate or necessary at this point in time. I think that with the descriptions that the plaintiff makes of the categories of documents the Court should be able to decide

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
Case No.: 1:18-cv-01781-PGG
*Bifulco, et al. v. National Collegiate Student Loan Trust 2006-4, et al.*
Case No.: 1:18-cv-07692-PGG
February 4, 2022 – Page 3

>  whether or not those types of documents are privileged or not, and whether or not TSI and Forster & Garbus enjoy an attorney-client privilege.
>
>  THE COURT: All right, thank you very much. With regard to this issue, whether documents concerning TSI's relationship with Forster & Garbus are privileged, more specifically regarding whether the communications between them are protected from discovery by the attorney-client privilege, I will take, I will take the dispute under submission, but I would ask that the relevant portions of the log be submitted to me….

pp. 21-23.

Plaintiffs' letter attempts to re-litigate the dispute and relies upon *Safont v. LVNV Funding LLC*, No. 18-cv-356, Dkt. 39 (E.D.N.Y. Apr. 3, 2019). A cursory review of *Safont* confirms the holding was far more limited than plaintiffs' characterization. In *Safont*, plaintiff sought production of the work standards, policies and retention agreements, and the documents F&G was given by LVNV prior to filing the state court suit at issue, including "the notes, documents, spreadsheets, Excel files, and electronic files sent to [F&G]" and "a copy of the document(s) setting forth the actions which [F&G] requires of their attorneys regarding the documents and information to be reviewed before one of their attorneys signs a Summons and Complaint and approves it for filing and service." *Id*. at p. 4. The *Safont* Court did find that the information was discoverable, but also concluded that defendants could create a privilege log of protected material.

As noted *supra*, TSI has already produced to plaintiffs all of the documents contemplated in *Safont*, including all versions of the retention agreement with Forster, all available versions of the standard operating procedures for attorney network law firms, including Forster, and all of the documents provided to Forster prior to commencing lawsuits, including, all evidence of indebtedness, understanding that it is likely not covered by privilege. However, where, as here, plaintiffs seek documentation directly contemplating privileged communications, as in Categories 4 and 5, *Safont* does not dictate in any way that it must be provided.

Respectfully submitted,

/s/ James K. Schultz
*Counsel for Transworld Systems Inc. and EGS Financial Care, Inc.*

cc:     Counsel of Record