

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/10/2022

| | |
|---|---|
| KATHERINE SEAMAN, *individually and on behalf of all others similarly situated*, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　-against-<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,<br><br>　　　　　Defendants. | 18-CV-1781 (PGG) (BCM)<br><br>**ORDER DENYING SEALING MOTIONS** |
| CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　-against-<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,<br><br>　　　　　Defendants. | 18-CV-7692 (PGG) (BCM) |

**Barbara Moses, United States Magistrate Judge**:

Now before the Court are four letter-motions (Dkt. Nos. 313, 324, 334, and 340),[1] all of them on consent, in which the parties seek leave to keep under seal most of the evidentiary material upon which they rely in support of and in opposition to plaintiffs' pending motion for class certification (Dkt. No. 312), including:

- the entire declaration of Asher Hawkins (Dkt. No. 315) together with all 17 of its exhibits;

- most of the exhibits to the declaration of Bradley Luke (Dkt. Nos. 325, 327, 330);

- some of the exhibits to the declaration of James Schultz (Dkt. Nos. 326, 331);

- the entire reply declaration of Asher Hawkins (Dkt. No. 336), together with all 17 of its exhibits; and

---

[1] All record citations, unless otherwise specified, are to the docket in the *Seaman* action.

- the entire supplemental declaration of Asher Hawkins (Dkt. No. 342), together with all four of its exhibits.

Additionally, plaintiffs filed redacted versions of their moving and reply briefs in support of the class certification motion (Dkt. Nos. 317, 337) and propose to keep the unredacted versions (Dkt. Nos. 314, 335) under seal.

"Judicial documents," such as declarations and exhibits submitted in support of or in opposition to a class certification motion, may be sealed only if "specific, on the record findings are made demonstrating that closure [of the record] is essential to preserve higher values and is narrowly tailored to preserve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (internal quotation marks and citations omitted). Here, the parties state that the documents to be sealed were designated confidential when produced in discovery pursuant to the Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 92) previously entered in this action. Beyond this, plaintiffs make no further showing that the broad sealing order they seek is "essential to preserve higher values and is narrowly tailored to preserve that interest." This is fatal to their motion, because it is well-settled that "the mere existence of a confidentiality order" does not justify a sealing order. *Lugosch*, 435 F.2d at 126; *see also Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021) ("To the extent a party's justification for sealing is based on a confidentiality order, the party has not met its burden."); *Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019) (mere fact that document was marked "confidential" during discovery does not establish that sealing is required); Moses Ind. Prac. § 3(e) ("[T]he designation of documents as 'confidential' for discovery purposes does not, without more, justify a sealing or redaction order.").

Moreover, it is obvious at a glance that many of plaintiffs' exhibits are publicly-available documents that could not possibly qualify for sealing. By way of example only, Exhibits G-K to the first Hawkins declaration (Dkt. Nos. 315-7 through 315-11) are copies of the "case files" in the underlying debt collection lawsuits against the named plaintiffs. These are public records that were obtained by plaintiffs' counsel "from the relevant state-court clerk of court." Hawkins Decl. ¶ 18 n.7. More oddly still, plaintiffs seek to seal Exhibit Q to the first Hawkins declaration (Dkt. No. 315-17), which is a copy of the Frank LLP Firm Resume. Similarly, when they filed their reply papers, plaintiffs sought to seal, *inter alia*, Exhibit A to the Hawkins reply declaration (Dkt. No. 336-1), which is a publicly-available complaint filed in 2018 in the Delaware Chancery Court.

Defendants – who, unlike plaintiffs, seek to seal some but not all of the evidence they have submitted in connection with class certification – do not rely wholly on the parties' protective order for that relief. They also assert, albeit in broad and vague terms, that they have an interest in "preserving the confidentiality of their non-public financial information, as well as their internal business policies and procedures," and in protecting "non-public personal identifying information, such as financial information" (Dkt. No. 324, at 1-2.) However, they too propose to seal exhibits that could not meet the *Lugosch* test, including pleadings, proofs of service, and other public-record materials taken from the files of the named plaintiffs' debt collection cases. *See, e.g.*, Luke Decl. Exs. 1-L, 1-S, 1-T, 1-Z, 1-AA, 1-FF, 1-GG, 1-HH, 1-OO, 1-PP, 1-WW, 1-XX (Dkt. Nos. 330-12, 330-19, 330-20, 330-26, 330-27, 330-32, 330-33, 330-34, 330-41, 330-42, 330-49, 330-50).[2]

---

[2] Many of the other exhibits attached to the Luke declaration, such as documents evidencing the named plaintiffs' loans, loan payments, and loan balances, were in all likelihood previously filed in those debt collection cases or elsewhere. It is not this Court's job, however, to cross-reference the parties' exhibits with the underlying state court case files (or other public records) to determine what information could conceivably be deemed both sufficiently sensitive and sufficiently private as to warrant a sealing order.

Thus, I cannot find, as required by *Lugosch*, that the sealing order sought is "essential to preserve higher values" and "narrowly tailored to preserve that interest." 435 F.3d at 120.

Because the parties have not carried their burden of demonstrating that the materials they seek to seal are sealable, their letter-motions (Dkt. Nos. 313, 324, 334, and 340) are DENIED. However, the Court will not unseal the designated filings for the next 14 days, during which period the parties may, if they wish, submit renewed motions that seek to seal only those materials that meet the test of *Lugosch* and its progeny, and that demonstrate, with specificity, that sealing those materials "is essential to preserve higher values and is narrowly tailored to preserve that interest." *Lugosch*, 435 F.3d at 120.

Dated: New York, New York
      March 10, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**UNITED STATES MAGISTRATE JUDGE**