# EXHIBIT B

```
 1                    - MARY RE-SEAMAN -

 2    UNITED STATES DISTRICT COURT

 3    SOUTHERN DISTRICT OF NEW YORK

 4    -------------------------------- X

 5    MUTINTA MICHELO, KATHERINE SEAMAN,    )

 6    and MARY RE-SEAMAN, individually      )

 7    and on behalf of all other            )

 8    similarly situated,                   )

 9                  Plaintiff,              )    Index No.

10         -vs-                             )    18-cv-1781 (PGG)

11    NATIONAL COLLEGIATE STUDENT LOAN      )

12    TRUST 2007-2; NATIONAL COLLEGIATE     )

13    STUDENT LOAN TRUST 2007-3;            )

14    TRANSWORLD SYSTEMS, INC., in its      )

15    own right and as successor to NCO     )

16    FINANCIAL SYSTEMS, INC., formerly     )

17    known as NCO FINANCIAL SYSTEMS,       )

18    INC.; and FORSTER & GARBUS, LLP,      )

19                  Defendants.             )

20    -------------------------------- X

21

22

23

24

25
```

```
 1  CHRISTINA BIFULCO, FRANCIS BUTRY,    )
 2  and CORI FRAUENHOFER, individually   )
 3  and on behalf of all others          )
 4  similarly situated,                  )    Index No.
 5                Plaintiffs,            )
 6       -vs-                            )  18-cv-7692 (PGG)
 7  NATIONAL COLLEGIATE STUDENT LOAN     )
 8  TRUST 2004-2; NATIONAL COLLEGIATE    )
 9  STUDENT LOAN TRUST 2006-4;           )
10  TRANSWORLD SYSTEMS, INC., in its     )
11  own right and as successor to NCO    )
12  FINANCIAL SYSTEMS, INC., EGS         )
13  FINANCIAL CARE, INC.; formerly       )
14  known as NCO FINANCIAL SYSTEMS,      )
15  INC.; and FORSTER & GARBUS, LLP,     )
16                Defendants.            )
17
18  DATE:  September 18, 2020
19  TIME:  10:00 a.m.
20
21             DEPOSITION OF MARY RE-SEAMAN, held
22  remotely via videoconference (Zoom) pursuant to
23  Subpoena, before Hope Menaker, a Shorthand
24  Reporter and Notary Public of the State of New
25  York.
```

```
                                  Mary Re-Seaman
                                   09/18/2020                        20
```

```
1                       - MARY RE-SEAMAN -

2    were talking about before that you received?

3            MR. HAWKINS:  Objection,

4        mischaracterizes the record.

5        Q.    You can answer that.

6        A.    Sure.  I mean, it's been many years,

7    but I guess that's it.

8        Q.    Okay.  What did you do after receipt

9    of the summons?

10       A.    Repeat that, please.

11       Q.    What did you do after you received

12   this summons?

13       A.    Nothing because it did not look

14   legitimate.

15       Q.    Okay.

16       A.    It made no sense at the time.

17       Q.    What didn't look legitimate about it

18   to you?

19           MR. HAWKINS:  Jim, can I make a point

20       of order here?

21           MR. SCHULTZ:  You can make an

22       objection.

23           MR. HAWKINS:  You've entered an

24       affidavit.  You've entered a document that

25       has the title Affidavit of Service, and
```

1                        - MARY RE-SEAMAN -
2          plaintiffs made these allegations.  That's
3          what he's asking you to compare.
4          Q.     Basically my question is this,
5     Ms. Seaman.  As you sit here today, separate and
6     independent from anything that you may have
7     discussed or learned from your lawyer, do you have
8     any information or evidence that anything in
9     Exhibit Number 7 is a false affidavit?
10         A.     No.  I --
11         Q.     Okay.  Do you, as you sit here today,
12    again, independent of anything you may have
13    discussed or learned from lawyer, do you have any
14    evidence or reason to believe that there's
15    anything in Exhibit Number 7 that is deceptive?
16         A.     No.
17         Q.     If we could stick on the complaint.
18    Go to Page 21, please.
19              MR. HAWKINS:  Okay.
20         Q.     Paragraph 106 alleges that
21    Mr. Cummins had personal knowledge of the business
22    records; do you see that, Ms. Seaman?
23         A.     Yes.
24         Q.     Again, independent of anything you
25    may have discussed or learned with your lawyer, do